# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CANDIDO ARREOLA-ALBARRAN, <br><br> Petitioner, <br><br> v. <br><br> DAVID ORTIZ, <br><br> Respondent. | Civil Action <br> No. 17-4500 (RBK) <br><br> **OPINION** |

**ROBERT B. KUGLER, U.S.D.J.**

    Petitioner, Candido Arreola-Albarran, is a federal prisoner currently incarcerated at FCI Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Respondent filed an Answer opposing relief (ECF No. 8), and Petitioner did not file a reply. For the reasons set forth below, the Court will deny the Petition.

## I.     BACKGROUND

    This case arises from a disciplinary hearing during Petitioner's incarceration at FCI Fort Dix. At 1:00 p.m., on August 20, 2016, prison officials found a cell phone in the possession of a Fredy Arbito, another prisoner at the facility. Officials analyzed the phone on August 22, 2016 and found that someone had used the phone to call a person at 11:01 a.m. and another person at 11:56 a.m., on August 20, 2016. A system report revealed that those numbers were on Petitioner's approved list and belonged to Petitioner's parent and children. As a result, later that same day, officials issued an incident report charging Petitioner with possession of a hazardous tool, in

violation of Bureau of Prisons Code 108,[1] delivered the report to Petitioner, and advised him of his rights.

On that same day, the investigating official referred the incident report to the Unit Discipline Committee ("UDC"). On August 23, 2016, Petitioner received a notice of disciplinary hearing, and officials advised him of his rights. Petitioner signed an acknowledgement of those rights and indicated that he did not want to have a staff representative or call any witnesses.

On August 24, 2016, the UDC held an initial hearing, where Petitioner admitted that the numbers belonged to his family members but stated that he did not know how the numbers appeared in the phone. He also denied ever using the phone. After the hearing, the UDC referred the incident report to a Discipline Hearing Officer ("DHO").

Several months later, on December 16, 2016, the DHO held a hearing and again advised Petitioner of his rights. Petitioner confirmed that he did not want a staff representative and did not wish to call any witnesses. Petitioner stated that "he did not know how the phone number showed up on the cell phone" and that "his family had made calls but no one said anything to him about anybody else contacting them." (ECF No. 8-3, at 20).

The DHO considered Petitioner's statements in reaching a decision, as well as the incident report; the chain of custody log for the cell phone; a memorandum from the staff member who recovered the cell phone; photos of the cellphone, including recently dialed numbers; and a system report for the two phone numbers in the phone's recent call log.

---

[1] Code 108 prohibits the "[p]ossession, manufacture, introduction, or loss of a hazardous tool (tools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g., hack-saw blade, body armor, maps, handmade rope, or other escape paraphernalia, portable telephone, pager, or other electronic device)." 28 C.F.R. § 541.3 (Table 1). "Aiding, attempting, abetting, or making plans to commit any of the prohibited acts is treated the same as committing the act itself." *Id*. at § 541.3(a).

In particular, the DHO found that the system report showed that the two phone numbers at issue were *only* on Petitioner's approved phone list, rather than on any other inmates' approved list. After considering all of the evidence, the DHO concluded that Petitioner committed the act of aiding in the possession of a dangerous tool, in violation of Code 108. The DHO then issued the following sanctions: (1) revocation of forty days of good conduct time; (2) loss of email privileges for ninety days; and (3) loss of phone privileges for ninety days.

Petitioner appealed the DHO's decision, arguing that the weight of the evidence did not support the DHO's findings. More specifically, Petitioner argued that he was at work during the calls to his family and that the DHO failed to explain "how" Petitioner aided another inmate in possessing a cellphone. At each level of appeal, Petitioner received a denial. The parties dispute whether Petitioner raised these allegations at any of his hearings.

Petitioner then filed the instant Petition, again arguing that the DHO's decision was against the greater weight of the evidence. Respondent filed an Answer (ECF No. 8), and Petitioner did not file a reply.

## II. STANDARD OF REVIEW & JURISDICTION

Courts hold *pro se* pleadings to less stringent standards than more formal pleadings drafted by lawyers. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Courts must construe *pro se* habeas petitions and any supporting submissions liberally and with a measure of tolerance. *See Royce v. Hahn,* 151 F.3d 116, 118 (3d Cir. 1998).

If the Court does not dismiss the petition at the screening stage, the Court "must review the answer, any transcripts and records . . . to determine whether" the matter warrants an evidentiary hearing. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts (made applicable to proceedings under § 2241 by Rule 1(b)). "Whether to order a hearing is within the sound discretion of the trial court," and depends on whether the hearing "would have the

3

potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000); *States v. Friedland*, 879 F. Supp. 420, 434 (D.N.J. 1995) (applying the § 2255 hearing standard to a § 2241 petition), *aff'd*, 83 F.3d 1531 (3d Cir. 1996).

Where a petitioner fails to identify evidence outside the record that would support or "otherwise . . . explain how . . . an evidentiary hearing" would advance his claim, a court is within its discretion to deny an evidentiary hearing. *Campbell*, 209 F.3d at 287. In exercising that discretion, a court must accept the truth of a petitioner's factual allegations unless the record shows that they are clearly frivolous. *Friedland*, 879 F. Supp. at 434; *c.f. United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015).

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." *Lee v. Stickman,* 357 F.3d 338, 342 (3d Cir. 2004) (quoting *Maleng v. Cook,* 490 U.S. 488, 490–91 (1989)).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the loss of good conduct time on constitutional grounds and he was incarcerated in New Jersey at the time he filed the Petition. *See Woodall v. Fed. Bureau of Prisons,* 432 F.3d 235, 242–44 (3d Cir. 2005).

### III. DISCUSSION

Petitioner appears to only argue that the DHO's findings were against the greater weight of the evidence. In response, Respondent contends that Petitioner received all the required due process protections, and that in any event, there is "some evidence" to support the DHO's findings and decision.

Under our jurisprudence, before a prisoner may lose good time credits, officials must afford him the following due process protections: (1) a written notice of the charges at least twenty-four hours prior to a hearing; (2) an opportunity to call witnesses and present evidence in his defense; (3) an opportunity to receive assistance from an inmate representative; (4) a written statement of the evidence relied on and the reasons for the disciplinary action; and (5) an appearance before an impartial decision making body. *See Crosby v. Piazza,* 465 F. App'x 168, 171–72 (3d Cir. 2012) (per curiam) (citing *Wolff v. McDonnell,* 418 U.S. 539, 563–71 (1974)). Petitioner does not appear to contest that he received these due process protections.

Additionally, in order to comport with due process, there must be "some evidence in the record" to support a disciplinary officer's findings and decision to revoke good time credits. *Gonzalez v. Hollingsworth*, No. 15-2993, 2016 WL 1732376, at *2 (D.N.J. May 2, 2016) (quoting *Denny v. Schultz*, 708 F.3d 140, 144 (3d Cir. 2013)). The "some evidence" standard is one of appellate review and is not the same as the "burden of proof in a prison disciplinary proceeding." *Id*.

Indeed, the "some evidence" standard is "minimal and does not require examination of the entire record, an independent assessment of the credibility of the witnesses, or a weighing of the evidence." *Lang v. Sauers*, 529 F. App'x 121, 123 (3d Cir. 2013) (citing *Thompson v. Owens*, 889 F.2d 500, 502 (3d Cir. 1989)). Instead, "the relevant inquiry asks whether 'there is any evidence in the record that could support'" the disciplinary official's conclusion. *Id*. (quoting *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985).

In the present case, apart from the other evidence discussed above, the DHO found that two of the numbers on the phone's recent call log matched numbers on Petitioner's approved

contact list. Petitioner conceded that these numbers belonged to his family members. The DHO further noted that these phone numbers did not appear on any other inmates' approved contact list.

While officials did not find the cell phone in question within Petitioner's possession, "courts have found that the presence . . . of a number which *only* appears on a particular inmate's approved phone list constitutes 'some evidence' that such inmate possessed the cell phone in question." *See, e.g.*, *Gonzalez*, 2016 WL 1732376, at *2 (citing *Burns v. Hollingsworth*, No. 13-5485, 2014 WL 1117932, at *2 (D.N.J. Mar. 20, 2014) (collecting cases)).

Petitioner does not contest this particular evidence, and thus, has "failed to show that the DHO's decision lacked 'some evidence'" to support his findings. *Burns*, 2014 WL 1117932, at *2. Indeed, evidence that officials found numbers on the cell phone that only matched contacts on Petitioner's approved list, coupled with Petitioner's statement that he recognized the numbers, are enough to meet the minimally stringent "some evidence" standard that Petitioner aided[2] the possession of a hazardous tool. *Cf. id*.

Consequently, whether Petitioner personally made the two calls, whether he was working at the time[3] of those calls, and whether he raised this argument at the hearing itself, do not change the conclusion that the DHO had "some evidence" to arrive at his decision. Ultimately, Petitioner asks the Court to reweigh the evidence, but that is not the duty of this Court when reviewing a

---

[2] Petitioner appears confused as to how this evidence could logically amount to "aiding" the possession of a cell phone. The Court finds that the evidence led the DHO to the natural conclusion, that Petitioner must have used the phone in some way or directed another to use the phone, and then allowed another inmate to receive the phone. Petitioner simply offers no other explanation as to why the phone's recent call log would show that someone made calls to his family members.

[3] Assuming Petitioner raised this argument at the hearing, Respondent submits evidence that August 20, 2016, was a Saturday and that Petitioner would typically not have worked that day, and in any event, the calls occurred during lunch time. (ECF No. 8, at 18). Petitioner does not contest these allegations.

DHO's decision to revoke good time credits. *See Lang*, 529 F. App'x at 123.  Accordingly, the Court will deny the Petition.

## IV. CONCLUSION

For the foregoing reasons, Court will deny the Petition.  An appropriate Order follows.


DATED: August  13,  2019                               s/Robert B. Kugler
                                                       ROBERT B. KUGLER
                                                       United States District Judge